IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| Albemarle Corporation, | ) |
| | ) C/A No. 5:09-2750-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **O R D E R** |
| AstraZeneca UK, Ltd., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Defendant AstraZeneca UK, Ltd. ("Defendant") manufactures Diprivan. In order to make Diprivan, Defendant has been purchasing di iso propyl (DIP) from Plaintiff Albemarle Corporation ("Plaintiff"), which operates from a facility in Orangeburg, South Carolina. Plaintiff and Albemarle International Corporation (the "Albemarle Entities") entered a contract with Defendant in 2005 for the supply of DIP (the "2005 contract"). The matter came before this court on allegations by the Albemarle Entities that Defendant failed to comply with a clause of the supply contract that conferred upon the Albemarle Entities a right of first refusal to supply Defendant with a different ingredient, Propofol, in the event Defendant decided to substitute Propofol for DIP in its manufacture of Diprivan. See Albemarle Corp. v. AstraZeneca UK Ltd., 5:08-1085-MBS ("Albemarle I"). The Albemarle Entities asserted causes of action for breach of contract and breach of contract accompanied by a fraudulent act.

The 2005 contract contained a forum selection clause that required the contract to be "subject to English law and the jurisdiction of the English High Court." The court made a determination that English law applies with respect to the scope of the forum selection clause as a threshold matter–that

is, that English law applied to construe the forum section clause as being mandatory or permissive. Under English law, the forum selection clause is mandatory in nature. The court further found the forum selection clause to be enforceable pursuant to the United States Supreme Court's decision in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Further, the court found considerations of international comity compelled enforcement of the forum selection clause. Accordingly, the court dismissed Albemarle I.

During the pendency of Albemarle I, Plaintiff and Defendant entered into an agreement (the "2008 contract") whereby Plaintiff supplied Defendant with a one-time supply of DIP at a price in excess of that negotiated in the 2005 contract. The 2008 contract contained a forum selection clause designating Orangeburg County, South Carolina as the place disputes "relating in any way" to the 2008 contract were to be resolved. In a motion to reconsider the court's dismissal of Albemarle I, Plaintiff contended that the forum selection clause in the 2008 contract superseded the forum selection clause in the 2005 contract. The court found that the 2005 contract and 2008 contract were distinct contracts and denied Plaintiff's motion to reconsider. Plaintiff has appealed the court's ruling to the Court of Appeals for the Fourth Circuit.

After the court dismissed Albemarle I, Defendant brought an action in the English High Court for breach of contract, duress, and conspiracy, contending that the Albemarle Entities suspended delivery of DIP in breach of the 2005 contract, and that Defendant was forced to enter into the 2008 contract because the Albemarle Entities had wrongfully withheld deliveries of DIP for the purpose of extracting monies from Defendant. Plaintiff thereinafter filed the within action, seeking a declaration that it had fully performed under the 2008 contract and that Defendant had breached the 2008 contract by raising claims regarding the 2008 contract in the English High Court. The same

jurisdictional allegations were made before the English High Court.

The court has been provided with a copy of a ruling issued by Mr. Justice Hamblen of the High Court of Justice, Queen's Bench Division, Commercial Court. Approved Judgment issued May 12, 2010, ECF No. 37-1. The English High Court concurred in and adopted the court's positions that (1) the scope of the forum selection clause in the 2005 contract was governed by English law and not federal law, and (2) the 2008 contract did not supersede the 2005 contract in any respect. Id. ¶¶ 42-48, 55. The English High Court determined that it is the proper forum for Defendant's breach of contract claims arising out of the 2005 contract. Id. ¶ 57.

Regarding Defendant's claim of duress, the English High Court noted that Defendant's argument is that the Albemarle Entities, knowing that the failure to deliver DIP would be disastrous for Defendant, refused to deliver the outstanding orders of DIP under the 2005 agreement in bad faith and for an illegitimate purpose. Id. ¶¶ 60, 70. The English High Court determined that the alleged harm occurred within England. Id. ¶ 64. Regarding the conspiracy claim, the English High Court noted that Defendant contends that the Albemarle Entities acted in concert to apply pressure to Defendant by withholding deliveries of DIP and then reaping profits in terms of exorbitant prices then extracted from Defendant through the contract. Id. ¶ 76.

The English High Court determined that it has jurisdiction over the duress and conspiracy claims pursuant to English law. However, it then turned to the forum selection clause in the 2008 contract. The English High Court noted that the parties accepted that the forum selection clause in the 2008 contract was broad enough to encompass the duress claim. Id. ¶ 84. The English High Court further determined that the conspiracy claim was very closely bound up with the duress claim and depends on many of the same essential facts and matters, and that the forum selection clause in

the 2008 contract was broad enough to encompass the conspiracy claims. Id. ¶ 85. The English High Court determined that, even if the conspiracy claim was not covered under the forum selection clause in the 2008 contract, it would be reasonable to try the duress and conspiracy claims together before the same court. Id. ¶ 86. The English High Court concluded that the forum selection clause in the 2008 contract applied to and was enforceable as against the duress and conspiracy causes of action. Id. ¶ 87, 105. The English High Court further found the forum selection clause to be enforceable, in part because Defendant did not at any stage object to the clause. Id. ¶¶ 103, 105. The English High Court noted that, although Defendant could

> point to duress relating to the acceptance of [Plaintiff's] standard terms as opposed to [Plaintiff's] commercial terms, [Defendant] cannot point to duress relating specifically to the jurisdiction clause as opposed to [Plaintiff's] standard terms generally. {Plaintiff] never specifically insisted on the jurisdiction clause, nor did [Defendant] ever raise any specific objection to it. There are no facts alleged which are specific to the jurisdiction agreement itself.

Id. ¶ 104.

The English High Court considered it most efficient to resolve the breach of contract claims first because they "raise relatively narrow issues which, subject to the supersession point, essentially depend on the construction of" the 2005 contract. Id. ¶ 111. The English High Court noted that the duress and conspiracy claims might never be reached unless Defendant can prove that the Albemarle Entities were acting in breach of contract by withholding DIP deliveries. The English High Court noted that "[e]ven if all these claims were being decided before the same court there would be . . . a reasonable case for deciding the contract claims first." Id. ¶ 115. The English High Court concluded that both forum selection clauses should be respected, "with the consequence that the contract claims proceed here and the duress and conspiracy claims (if pursued) should proceed before

the South Carolina courts." Id. ¶ 118. The English High Court is proceeding on the breach of contract claims arising out of the 2005 contract. Id. ¶ 122.

The court concurs fully in the English High Court's recitation of the procedural posture of the litigation between the parties with respect to the 2005 contract and the 2008 contract. For the reasons set forth in the English High Court's order and for purposes of international comity and judicial efficiency, the court **denies without prejudice** Defendant's motion to dismiss. The court hereby **stays** the within action until the English High Court resolves the breach of contract action arising from the 2005 contract. Although a finding that the Albemarle Entities did not breach the 2005 contract is not dispositive of Defendant's duress and conspiracy claims, the final determination regarding Defendant's breach of contract claims against the Albemarle Entities likely will be relevant to the factfinder. The parties are directed to file a status report with the court every six months, commencing April 1, 2011. The remaining motions are **denied as moot**.

    **IT IS SO ORDERED**.


    /s/ Margaret B. Seymour
    United States District Court

Columbia, South Carolina

September 30, 2010.